UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                                  SPEEDY TRIAL ORDER
       v.                           01-CR-129A

MATTHEW HARRISON,

                      Defendant.

## <u>INTRODUCTION</u>

On January 31, 2005, this Court entered an order excluding time under the Speedy Trial Act from January 21, 2005 until July 18, 2005, pursuant to 18 U.S.C. § 3161(h)(1)(D) (delay resulting from trial with respect to other charges against a defendant), § 3161(h)(1)(E) (delay resulting from an interlocutory appeal) and § 3161(h)(1)(F) (delay resulting from any pretrial motion).  <u>See</u> Dkt. No. 452.  The Court also excluded time in the interests of justice pursuant to § 3161(h)(8)(A).

On February 4, 2005, defendant Harrison filed an "Objection" to the Court's January 31, 2005 Speedy Trial Order.  <u>See</u> Dkt. No. 456.  On February 10, 2005, this Court issued an order construing the objection as a motion for reconsideration of the Speedy Trial Order.  <u>See</u> Dkt. No. 458.  The Court ordered the government to respond and heard argument on April 22, 2005.  For

1

the reasons stated below, defendant's motion for reconsideration of the Court's

January 31st Speedy Trial Order is denied.


## DISCUSSION

As noted above, the Court's January 31st Speedy Trial Order cited

four independent grounds for excluding time from the Speedy Trial Act during all

or part of the period in question (January 21, 2005 to July 18, 2005):

> 1.   delay resulting from an interlocutory appeal, pursuant to
>      18 U.S.C. § 3161(h)(1)(E);
>
> 2.   delay resulting from any pretrial motion, pursuant to
>      18 U.S.C. § 3161(h)(1)(F);
>
> 3.   delay resulting from trial with respect to other charges against
>      a defendant, pursuant to 18 U.S.C. § 3161(h)(1)(D); and
>
> 4.   ends-of-justice exclusion, pursuant to 18 U.S.C. §
>      3161(h)(8)(A).

Upon review of the defendant's motion for reconsideration, the

Court finds no reason to alter its original determination that the period of time

from January 21st to July 18th of 2005 should be excluded from the speedy trial

clock.  This order provides a more detailed explanation as to the basis for each

exclusion and the period of time applicable to each cited basis.

1.    **Delay Resulting from an Interlocutory Appeal –**
       **August 26, 2004 to March 7, 2005**

Pursuant to 18 U.S.C. § 3161(h)(1)(E), any period of delay resulting

from an interlocutory appeal shall be excluded from the Speedy Trial Act.

Exclusion of time under this section is automatic and self-executing, without

regard to whether the delay is reasonably necessary.  Henderson v. United

States, 476 U.S. 321, 327 (1986); United States v. Oberoi, 295 F. Supp. 2d 286,

289 (W.D.N.Y. 2003).

Defendant Harrison had filed an interlocutory appeal to the United

States Court of Appeals for the Second Circuit on August 26, 2004.  That appeal

remained pending in the Second Circuit until March 7, 2005, when the Circuit

issued its mandate dismissing the appeal for lack of jurisdiction.  Pursuant to 18

U.S.C. § 3161(h)(1)(E), the time from August 26, 2004 (when the appeal was

filed) until March 7, 2005 (when the mandate was issued) was properly excluded

from the speedy trial clock.  See United States v. Rivera, 844 F.2d 916, 922 (2d

Cir. 1988) (speedy trial clock resumes when the Court of Appeals issues its

mandate on an interlocutory appeal).

The defendant argues that exclusion under § 3161(h)(1)(E) does

not apply where, as here, he was appealing a *detention* order.  The Court rejects

this argument as inconsistent with the plain language of the statute.  The statute

makes clear that the exclusion applies to a delay resulting from "*any*

3

interlocutory appeal" without regard to the substance of the appeal.  See 18

U.S.C. § 3161(h)(1)(E)(emphasis added); see also United States v. Davenport,

935 F.2d 1223, 1230-31 (11th Cir. 1991) (holding that an interlocutory appeal of a

detention order tolls the speedy trial clock from the time the appeal is filed to the

date the mandate is issued).


**2.     Delay Resulting from Pending Pretrial Motion –
         July 28, 2003 to January 28, 2005**

Pursuant to 18 U.S.C. § 3161(h)(1)(F), any period of delay resulting

from any pretrial motion is excluded "from the filing of the motion through the

conclusion of the hearing on, or other prompt disposition of, such motion."  As

with subsection (E) above, the exclusion of time under subsection (F) is

automatic and self-executing, without regard to whether the delay is reasonably

necessary.  Henderson, 476 U.S. at 327.  Furthermore, subject to § 3161(h)(7)

discussed below, delays caused by proceedings attributable to a codefendant

are applicable to all defendants.  See United States v. Pena, 793 F.2d 486, 489-

90 (2d Cir. 1986).

Defendant Harrison's codefendant, Jose Melendez, filed a motion

for severance on July 28, 2003.  See Dkt. No. 287.  The motion was referred to

Magistrate Judge H. Kenneth Schroeder, who issued an order denying

severance on April 30, 2004.  Melendez appealed that order to this Court and

the appeal remained pending until January 28, 2005.[1]  The pendency of

codefendant Melendez's appeal from Magistrate Judge Schroeder's severance

order provided an additional basis for excluding time under § 3161(h)(1)(F) of

the Speedy Trial Act from July 28, 2003 until January 28, 2005.


3.     **Delay Resulting from Trial with Respect to Other Charges–
       January 21, 2005 to July 18, 2005**

Pursuant to 18 U.S.C. § 3161(h)(1)(D), any period of delay resulting

from trial with respect to other charges against a defendant is excluded from the

speedy trial clock.

At a status conference held on January 21, 2005, the government

informed the Court that three of Harrison's codefendants, Daniel Diaz, Aaron

Pike and Gregory Pattison, were scheduled to be tried on state murder charges

over the next few months.[2]  The state trials were scheduled to commence on

January 25, 2005 (for defendant Pattison), March 2005 (for defendant Diaz) and

June 2005 (for defendant Pike).  Counsel for each of the three defendants

stated that they would need time to prepare for the respective state trials and

---

[1]  Oral argument on the motion was scheduled to occur on January 28, 2005.  However, on that date, counsel for defendant Melendez appeared and withdrew his appeal.

[2]   The status conference was being conducted pursuant to § 6.02(f)(3) of Guide to Judiciary Policies and Procedures, which requires the Court to review CJA appointments in a death penalty case once a decision is made by the government to forgo the death penalty.  The government had advised the Court that it was not seeking the death penalty as to codefendants Pattison, Diaz and Pike.

would be unavailable to try the federal charges pending in this Court during that period.  The Court determined that the pendency of the state murder trials against Diaz, Pike and Pattison provided an additional basis for excluding time from the speedy trial clock.  The Court therefore excluded time during which the defendants were scheduled for trial in state court, and the time needed by their defense counsel to prepare for those state trials, pursuant to 18 U.S.C. § 3161(h)(1)(D).  See United States v. Lopez-Osuna, 242 F.3d 1191, 1198 (9th Cir. 2001) (holding that the delay resulting from trial with respect to other charges against the defendant, including the period of time utilized in making necessary preparations for trial, was excludable as delay resulting from "other proceedings" concerning the defendant); United States v. Montoya, 827 F.2d 143, 150 (7th Cir. 1987) (same); United States v. Goodwin, 612 F.2d 1103, 1105 (8th Cir.), cert. denied, 446 U.S. 968 (1980) (the period a defendant is "awaiting trial" in state court is excluded under § 3161(h)(1)(D)).   This exclusion encompassed the time from January 21, 2005 to July 18, 2005.

4.    **Ends of Justice Exclusion–
      January 21, 2005 to July 18, 2005**

        In addition to § 3161(h)(1)(D), the Court also excluded the time from January 21, 2005 to July 18, 2005 pursuant to 18 U.S.C. § 3161(h)(8)(A), upon finding that the "ends of justice" are served by taking such action, and outweigh

the best interest of the public and the defendant in a speedy trial.  Unlike §§ 3161(h)(1)-(6), § 3161(h)(8)(A) is not self-executing.  No period of delay based on the "ends of justice" may be excluded under § 3161(h)(8)(A), unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice would be served by granting the excludable delay. See 18 U.S.C. § 3161(h)(8)(A).  An ends-of-justice continuance must be prospective, not retroactive, and an order granting a continuance on that ground must be made at the outset of the excludable period.  Oberoi,  295 F. Supp. 2d at 289 (citing  United States v. Tunnessen, 763 F.2d 74, 77-78 (2d Cir. 1985)). However, a court may enter its ends-of-justice finding after it grants the continuance if it is clear from the record that the court conducted the mandatory balancing contemporaneously with the granting of the continuance.  Id.

Here, the Court found that the ends of justice would be served by excluding the time from January 21, 2005 to July 18, 2005, and that taking such action outweighed the best interest of the public and the defendant in speedy trial.  Although the public and the defendants have an interest in seeing this matter resolved, the public and the defendants also have a strong interest in the prompt disposition of the state murder charges.  The Court found that the interests of justice would be served by excluding time necessary for the trial of those very serious state charges, as well as the time necessary for each of the defendants and their counsel to adequately prepare for those state trials.

7

Indeed, counsel for each of those defendants (Pike, Diaz and Pattison),

consented to the ends-of-justice exclusion.

**5.      Reasonableness of the Exclusion as to Defendant Harrison**

Defendant Harrison argues that, even if time was properly excluded

from the speedy trial clock as to codefendants Diaz, Pike, Pattison and

Melendez, such delays are unreasonable as to him.  Harrison further argues that

pursuant to § 3161(h)(7) of the Speedy Trial Act, this Court must inquire into the

reasonableness of any delay caused by a codefendant.  Section 3161(h)(7)

excludes from the speedy trial clock

> [a] *reasonable* period of delay when the defendant is
> joined for trial with a codefendant as to whom the time
> for trial has not run and no motion for severance has
> been granted.

18 U.S.C. § 3161(h)(7) (emphasis added).

In United States v. Vasquez, 918 F.2d 329 (2d Cir. 1990), the

Second Circuit held that any delay caused by a codefendant's motion in a joint

trial could be counted as excludable time against all defendants, without inquiry

into whether the delay was reasonable, unless the defendant had made a

severance motion that was denied.  Id. at 336-37.  Thereafter, in United States

v. Cephas, 937 F.2d 816 (2d Cir. 1991), the court held that:

8

> the duty to inquire into whether a delay caused by a
> codefendant was reasonable is triggered only when the
> defendant has sought severance from *the particular
> defendant who is responsible for the delay at issue.*

Id. at 822 (emphasis added).

Here, defendant Harrison moved for severance only as against any

defendants whose statements would be admissible against him at trial.[3]  See

Dkt. # 148, Affidavit of Gerald T. Walsh, at ¶ 6.  The government has stated –

and the Harrison does not appear to dispute -- that neither Pike, Diaz, Pattison

or Melendez made any statements that would be admissible against him at trial.

Since Harrison's severance motion is not directed at any of the codefendants

who are responsible for the delays at issue, the Court need not engage in the

reasonableness inquiry set forth in § 3161(h)(7).

**6.     Delay Resulting from Pending Pretrial Motion –
        March 25, 2005 to June 21, 2005**

In addition to the reasons cited in the Court's January 31st  Speedy

Trial Order, there is now an additional basis for excluding time from the speedy

trial clock – a pending motion filed by defendant Harrison on March 24, 2005.

---

[3]  Harrison's generalized motion stated that he was seeking severance from
"other defendants."  However, the only argument offered in support of severance motion
was the admissibility of statements made by codefendants.  Therefore, the Magistrate
Judge and this Court reasonably understood his motion as being directed only as
against those defendants who had made statements against Harrison.

9

On that date, Harrison filed a motion for review of the Magistrate Judge's

detention order.  See Dkt. No. 478.  That motion is currently pending and is

scheduled for oral argument on June 21, 2005.

As stated above, pursuant to 18 U.S.C. § 3161(h)(1)(F), the entire

period of time from the filing of the motion through the conclusion of the hearing

on that motion is excluded from the speedy trial clock.  The Court did not

address this motion as a ground for excluding time from its January 31st Speedy

Trial Order because the motion had not yet been filed.  Nevertheless, as stated

above, an exclusion under § 3161(h)(1)(F) is automatic and self-executing.

Accordingly, the period from time from March 25, 2005 to June 21, 2005 is

automatically excluded from the speedy trial clock due to the defendant's

pending motion for review of his detention order.

## **CONCLUSION**

For the reasons stated herein and in the Court's January 31st

Speedy Trial Order, the Court finds that the time from January 21, 2005 to July

18, 2005 was properly excluded from the speedy trial clock.  Accordingly,

Harrison's motion for reconsideration of that order is denied.[4]


IT IS SO ORDERED.

/s/ Richard J. Arcara
_____
HON. RICHARD J. ARCARA
CHIEF JUDGE
UNITED STATES DISTRICT COURT

Dated: July 15      , 2005

---

[4]   In his papers, Harrison references earlier "objections" that he had filed to speedy trial orders that were issued by Magistrate Judge Schroeder in this case.  Absent a motion for dismissal on speedy trial grounds, the Court finds it unnecessary to address those objections at this juncture.

O:\arcaraorder\Harrison.wpd