UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

DECISION AND ORDER

v.                                                              01-CR-129A

MATTHEW HARRISON,

                              Defendant.

## INTRODUCTION

Currently before the Court is a motion by the defendant,

Matthew Harrison, for review of a bail revocation order entered on October

21, 2003.  Upon review, the Court finds that the defendant should be

detained pending trial.

## BACKGROUND

On July 17, 2001, defendant Harrison was indicted on charges

of possession with the intent to distribute methamphetamine and conspiracy

to possess with the intent to distribute 1,000 kilograms or more of

marijuana, and 500 grams or more of methamphetamine.  The defendant

was released on bail upon signing an unsecured $5,000 bond.  As a

condition of his pretrial release, the defendant was required to refrain from

using excessive alcohol and from committing any violation of federal, state

or local law.  See Dkt. No. 14.

On or about August 23, 2001, the defendant was arrested for driving while intoxicated.  Pretrial Services charged the defendant with violating the conditions of his pretrial release by committing an offense while on bail.  On September 6, 2001, the defendant appeared before Magistrate Judge H. Kenneth Schroeder.  Magistrate Judge Schroeder continued the defendant on bail, added the additional condition that he participate in substance abuse counseling, and admonished him to abide by the terms of his release.  See Dkt. No. 52.

On May 7, 2002, the defendant was again charged with violating the terms of his pretrial release.  The new charges related to the defendant's claim that he was unable to provide a urine sample to the probation office and his failure to participate in the court-ordered substance abuse counseling.[1]  The defendant appeared before Magistrate Judge Schroeder on May 14, 2002.  In lieu of a hearing on the violation, the defendant agreed to modify the conditions of his release to include electronic monitoring and home detention.  See Dkt. 482, at 9.   He was warned that any further violations would result in revocation of his pretrial release.  Id. at 11-12.  On November 19, 2002, the electronic monitoring

---

[1] On April 1, 2002, the defendant was terminated from treatment at Jones Hill Memorial Hospital for failure to comply with the terms of his substance abuse counseling.

condition was removed.  See Dkt. No. 208.

On October 14, 2003, the probation office filed a third pretrial violation report against the defendant.  This violation was based upon the defendant's arrest on September 26, 2003 for driving an all-terrain vehicle while intoxicated.  The defendant attempted to resist arrest while being pursued by police officers.

A bail revocation hearing was held on October 21, 2003 before Magistrate Judge Schroeder.  At the hearing, the defendant, through counsel, admitted to using alcohol in violation of the conditions of his pretrial release.  Magistrate Judge Schroeder found that this was the defendant's third violation, that he was unable to comply with the terms of pretrial release, and that he was unlikely to abide by any condition or combination of conditions of release.  Accordingly, Magistrate Judge Schroeder ordered the defendant's bail revoked.  See Dkt. 483, at 5-6.

On April 29, 2004, Magistrate Judge Schroeder issued a bail revocation order *nunc pro tunc* to October 21, 2003.  The order reiterated his earlier findings that the defendant had violated the conditions of his pretrial release on three different occasions and that was unable to comply with the conditions of his pretrial release.  See Dkt. No. 370.

Harrison moved for reconsideration of the Magistrate Judge's bail revocation order.  On August 10, 2004, Magistrate Judge Schroeder denied reconsideration upon finding that the defendant had failed to establish new information that would alter his original determination to revoke bail.

On March 25, 2005, Harrison filed the instant motion for review of Magistrate Judge Schroeder's bail revocation order.[2]  The government filed a response on May 6, 2005, and on June 21, 2005, the Court heard oral argument.

<u>DISCUSSION</u>

Pursuant to 18 U.S.C. § 3145(b), a person ordered detained by a magistrate judge may move for revocation or amendment of the detention order.  Upon such motion, this Court must perform a *de novo* review of the magistrate judge's detention order.  <u>United States v. Leon</u>, 766 F.2d 77, 80 (2d Cir. 1985) (finding that a district court should "not simply defer to the judgment of the magistrate, but reach its own independent conclusion").

---

[2]  Harrison alleges that this is the "fourth" motion for review of the Magistrate Judge's bail revocation order.  Harrison previously made three separate motions for reconsideration of the Magistrate Judge's bail revocation order, but he did not move for review in this Court.  Instead, he filed an appeal directly to the Second Circuit.  On February 3, 2005, the Second Circuit dismissed the appeal for lack of jurisdiction.

When making its *de novo* review, the district court may rely on the record of the proceedings before the magistrate judge and may also accept additional evidence.   United States v. Colombo, 777 F.2d 96, 98 (2d Cir. 1985); United States v. Delker, 757 F.2d 1390, 1395-96 (3d Cir. 1985).

Revocation of bail is governed by 18 U.S.C. § 3148, which provides in relevant part:

> (b) **Revocation of release**.--The attorney for the Government may initiate a proceeding for revocation of an order of release by filing a motion with the district court.  A judicial officer may issue a warrant for the arrest of a person charged with violating a condition of release, and the person shall be brought before a judicial officer in the district in which such person's arrest was ordered for a proceeding in accordance with this section. To the extent practicable, a person charged with violating the condition of release that such person not commit a Federal, State, or local crime during the period of release, shall be brought before the judicial officer who ordered the release and whose order is alleged to have been violated. The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer--
>
> (1) finds that there is--
>
>> (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or
>>
>> (B) clear and convincing evidence that the person has violated any other condition of release; and

(2) finds that--

> (A) based on the factors set forth in
> section 3142(g) of this title, there is no
> condition or combination of conditions of
> release that will assure that the person
> will not flee or pose a danger to the safety
> of any other person or the community; or
>
> (B) the person is unlikely to abide by any
> condition or combination of conditions of
> release.

If there is probable cause to believe that, while on
release, the person committed a Federal, State, or
local felony, a rebuttable presumption arises that no
condition or combination of conditions will assure that
the person will not pose a danger to the safety of any
other person or the community.

See 18 U.S.C. § 3148(b).

Magistrate Judge Schroeder's revocation order is clearly

supported by the record.  There was clear and convincing evidence that the

defendant violated his conditions of release by drinking alcohol and failing to

comply with court ordered substance abuse programs.  Indeed, the

defendant admitted to those violations.  There was also probable cause to

believe that the defendant had committed a crime while on release.  He was

charged with driving while intoxicated on two separate occasions.  He pled

guilty to at least one of those charges.  The most recent incident on

September 26, 2003, led to the defendant being charged with a Class D

felony (DWI-3rd Offense) and a Class E felony (Aggravated Unlicenced

Operation – 1st Degree).  As a result, the defendant is subject to the

rebuttable presumption set forth in § 3148(b) that no condition or

combination of conditions will assure that he will not pose a danger to the

safety of any other person or the community.

       The defendant has failed to rebut that presumption.  The Court

also finds that the defendant is unlikely to abide by any condition or

combination of conditions of release.  He committed three separate bail

violations despite repeated warnings that his bail would be revoked if he

failed to comply with the conditions of release.  The defendant clearly has a

substance abuse problem that he cannot control.  He was given the

opportunity to participate in drug and alcohol abuse counseling but failed to

comply with its conditions.  His drinking problem has caused him not only to

violate his bail conditions, but also to engage in activity that poses a danger

to the community -- driving while intoxicated.  He also attempted to resist

arrest after his last violation, resulting a high speed pursuit by the police

officer.

       The Court also notes that if convicted of the charged offense, the

defendant faces a ten-year mandatory minimum sentence.  <u>See</u> 21 U.S.C. §

841(b)(1)(A).  Therefore, he is also subject to the rebuttable presumption of detention set forth in 18 U.S.C. § 3142(e).

In light of this record, the Court finds that revocation of bail was proper, and that there exists no condition or combination of conditions that will assure that the defendant poses no danger to the safety of any person or the community.

The defendant argues that he should not be "punished" for his bail violations.  The defendant is not being "punished."  He is being detained because he has demonstrated that he is unable to comply with court-ordered conditions of release and that he poses a danger to the community. Although the defendant has been detained since October 2003, this time is not excessive in relation to the fact that he faces a ten-year mandatory minimum term of imprisonment, and given all of the pretrial delays have been properly excluded from the Speedy Trial Act.  See United States v. Salerno, 481 U.S. 739, 747 (1987) (the length of pretrial detention is limited by the requirements of the Speedy Trial Act).  Moreover, most of the delay is attributable to motions by the defendant and/or his codefendants.

CONCLUSION

For the reasons stated, Magistrate Judge Schroeder's bail revocation order is affirmed.[3]

The Court orders that defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practical, from persons awaiting or serving sentences or being held in custody pending appeal.

The Court further orders that defendant be afforded reasonable opportunity for private consultation with counsel.

Finally, the Court directs that on order of the Court or on request of an attorney for the government, the person in charge of the corrections facility in which defendant is confined shall deliver defendant to a United States Marshal for the purpose of an appearance in connection with any court proceeding.

---

[3]   In his papers, the defendant initially argued that the Magistrate Judge lacked authority to revoke bail because no motion had been made by the government.  However, at oral argument, he withdrew this argument and conceded that the Magistrate Judge had the inherent authority to modify his earlier release order.  See 18 U.S.C. § 3142(c)(3) (stating that the judicial officer may amend the conditions of release "at any time"); see also United States v. Stanley, 449 F. Supp. 467, 469 (N.D. Cal. 1978) ("[The law is clear that a court had power to revoke pretrial bail notwithstanding the absence of any specific authorizing provision in the rule, and that neither the letter nor the spirit of the Bail Reform Act eliminated that inherent power"), aff'd, 601 F.2d 380 (9th Cir. 1979).

IT IS SO ORDERED.

/s/ Richard J. Arcara
_____
HONORABLE RICHARD J. ARCARA
CHIEF JUDGE
UNITED STATES DISTRICT COURT


Dated:   August 2,  2005